UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LYMAN HOPKINS,<br><br>Plaintiffs,<br><br>v.<br><br>TRENTON BOARD OF EDUCATION, et al.<br><br>Defendant. | Civil Action No.: 17-cv-3232 (PGS)<br><br>MEMORANDUM AND ORDER |

Pro se Plaintiff, Lyman Hopkins, brings this matter before the Court on a motion for relief under Fed. R. Civ. P. 60(a) for a clerical error and/or a mistake in a prior decision; and under Fed. R. Civ. P. 60(b) based upon newly discovered evidence (ECF No. 37).

Generally, Mr. Hopkins alleges that the Trenton Board of Education failed to hire him as a teacher because of his race. Procedurally, Plaintiff filed his complaint on May 8, 2017; and then he filed an Amended Complaint on September 6, 2018 and December 4, 2017, all of which were dismissed for failure to state a claim on March 1, 2018. Plaintiff filed a motion for reconsideration of that decision, and that motion was denied on April 23, 2018. Now Plaintiff brings this motion for relief under Rule 60.

The Court has reviewed the motion liberally, and holds Plaintiff "to a less strict standard than [papers] drafted by lawyers". *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Once again, Mr. Hopkins' motion papers were difficult to understand. The grounds for relief are unclear.

Rule 60 has two separate provisions under which a Court may grant relief. Under Rule 60(a) the Court may invoke the provision to "correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). At oral argument, Mr. Hopkins alleged that a "clerical error involved the filing date of Plaintiffs

1

February 9 motion to amend the complaint . . . and defendants claim that the motion was – untimely filed on February 14th." (T. 57, 20 – T. 58, 1). In addition, Hopkins alleges that Defendant's counsel misrepresented the date in a February 20, 2018 letter. (T. 58, 17-25). Assuming Mr. Hopkins is correct, there may be a clerical mistake, but it is inconsequential, and does not affect the substance of my ruling.

In addition, at oral argument, Hopkins alleged that there is newly discovered evidence concerning the
interviewers who determined not to hire Hopkins. That is, those interviewers were not vested with the authority to deny his application, as that responsibility rests exclusively with the Trenton Board of Education. (T.58, 15-17, T. 61, 15-20). Under Fed. R. Civ. P. 60(b), a party may "seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005). More specifically, Rule 60(b) states a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The newly discovered evidence does not alter my decision because Mr. Hopkins does not show any discriminatory conduct.

ORDER

IT IS on this 8th of November, 2018;

ORDERED that Plaintiff's motion for Rule 60 relief (ECF No. 39) is DENIED.

_____
PETER G. SHERIDAN, U.S.D.J.